UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV397-V

| | |
|---|---|
| LYNN ELLEN MENDES, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>CHARLES BROWN, and )<br>CHARLOTTE MECKLENBURG )<br>PUBLIC LIBRARY, )<br>      Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff has filed a pro se complaint and a motion to proceed in forma pauperis against Charles Brown, Executive Director, Charlotte Mecklenburg Public Library, and the Charlotte Mecklenburg Public Library. (Documents ##1,2)

## BACKGROUND

Plaintiff Mendes' complaint alleges violation of 42 U.S.C. §1983 by the Charlotte Mecklenburg Public Library and its Executive Director. More specifically, Mendes asserts that she has been discriminated against based upon her "race, disability, religion, etc."[1] (Compl. ¶¶A, B2) Mendes claims Defendants banned her from the public library in response to a complaint she lodged concerning the purported presence and use of "laser beam technology" and "mind reading equipment" within the county's public library system. (Compl. ¶C) According to Mendes, she has been injured because she is no longer able to access or enjoy the public facility (*e.g.*, use of library

---

[1] In another portion of her complaint, Mendes mentions "free speech." (Compl. ¶D, a(2))

1

books, public computer, water fountain, restroom, climate-controlled setting). (Compl. ¶E)

## ANALYSIS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an in forma pauperis complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" in this context "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Thus, section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

The Court finds that the complaint in this case falls within the ambit of Section 1915(e)(2)(B).[2] Although this court recognizes that a pro se complaint must be read liberally, Erickson v. Pardus, 551 U.S. 89 (2007), the factual allegations contained within Plaintiff's complaint are the product of delusion and fantasy and are thus frivolous. Accordingly, Plaintiff's complaint will be dismissed with prejudice.[3]

---

[2] As a result, the Court does not reach the question of Plaintiff's indigency status.

[3] Likewise, Mendes was unsuccessful in previous litigation commenced against the United States, in which she challenged "Laser Beam Technology stemming from the Central Intelligence Agency." (Compl. ¶F,4) (See Mendes v. United States, 1:09CV487, U.S. Court of Federal Claims)

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is <u>dismissed with prejudice</u>.

Signed: November 18, 2010

Richard L. Voorhees
United States District Judge