UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV397-V

| | |
|---|---|
| LYNN ELLEN MENDES,<br>               Plaintiff,<br><br>v.<br><br>CHARLES BROWN, and<br>CHARLOTTE MECKLENBURG<br>PUBLIC LIBRARY,<br>               Defendants. | **O R D E R**<br>Denying Motion To Reconsider |

**THIS MATTER** is before the Court on a host of motions filed by Plaintiff Lynn Ellen Mendes, *pro se*, seeking to challenge the Court's dismissal of Plaintiff's Complaint pursuant to 28 U.S.C §1915(e)(2). (Document #3) More specifically, Plaintiff Mendes has filed the following motions: (i) Motion to Vacate Order Dismissing Case as Frivolous / Motion for Writ of Mandamus; (ii) two separate Motions to Add Additional Urgent Evidence; and (iii) a third Motion to Add Additional Urgent Evidence and Request for Grand Jury Investigation. (Documents ##5,7,8,9) Finally, Plaintiff has filed a Notice of Appeal and a Motion to Appeal *In Forma Pauperis*. (Documents ##11, 12)

On November 19, 2010, upon initial review of Plaintiff's Complaint and Motion to Proceed *In Forma Pauperis*, 28 U.S.C. § 1915(e)(2)(B), this Court dismissed Plaintiff's Complaint as frivolous. (Document #3) More specifically, the undersigned noted that while a pro se complaint must be read liberally, Erickson v. Pardus, 551 U.S. 89 (2007), the factual allegations contained within Plaintiff's Complaint are the product of delusion and fantasy and are thus frivolous. *See* Neitzke v. Williams, 490 U.S. 319, 325-28 (1989).

The dismissal of Plaintiff's Complaint triggered the above-mentioned motions.

## FACTS ORIGINALLY ALLEGED

As previously recited in the Court's November 19, 2010 Order:

Plaintiff Mendes' complaint alleges violation of 42 U.S.C. §1983 by the Charlotte Mecklenburg Public Library and its Executive Director. More specifically, Mendes asserts that she has been discriminated against based upon her "race, disability, religion, etc."[1] (Compl. ¶¶A, B2) Mendes claims Defendants banned her from the public library in response to a complaint she lodged concerning the purported presence and use of "laser beam technology" and "mind reading equipment" within the county's public library system. (Compl. ¶C) According to Mendes, she has been injured because she is no longer able to access or enjoy the public facility (*e.g.*, use of library books, public computer, water fountain, restroom, climate-controlled setting). (Compl. ¶E)

## SUPPLEMENTAL FILINGS

Nothing within Plaintiff Mendes' supplemental filings alters the Court's original conclusion as to the frivolous nature of the claims asserted.

Plaintiff's Motion to Vacate Order and Writ of Mandamus states that Plaintiff's First Amendment rights have been violated by way of the Court's ruling dismissing her Complaint; that Plaintiff has joined a support group entitled "Freedom from Covert Harrassment and Surveillance" that intends to petition Congress for certain relief; that the Eighth Amendment is implicated by her lawsuit; that Mendes has been subject to "laser beam technology" for the last six years without her consent; and that Mendes is entitled to restoration of her library privileges.

---

[1] In another portion of her complaint, Mendes mentions "free speech." (Compl. ¶D, a(2))

Plaintiff's purported "additional evidence," merely highlighted herein, is comprised of more various and fantastic factual claims. Plaintiff's filings indicate that Mendes has recently undergone medical testing to assess the damage done to her brain, allegedly as a result of the laser beam technology, etc., and that Mendes is currently on disability. At great length, Mendes describes being subject to "constant stalking and harrassment by unknown female assailants with spy equipment via penetration of the brain." She further alleges that "female lesbian terrorists have been terrorizing and tormenting her ...," "tracking her every movement ...," and "hijack[ing]" her brain "in an effort to purport their activities; i.e., attempted kidnapping, buying and selling of human body parts while the person is alive, deprivation of rights, attempted murder, racketeering, extortion, sexual assault, etc." Mendes claims that law enforcement authorities have failed to apprehend these terrorists and that innocent lives are at risk, "begging to be free of their [female lesbian terrorists'] murderous and tortuous death struggle." Mendes attaches an article concerning satellite surveillance, presumably to lend credibility to her "laser beam technology" claims. Mendes suggests a separate cause of action based on cyberstalking and unwelcome politically-motivated comments on her Facebook thread. Contending that some nexus exists, Mendes also attaches correspondence from the Central Intelligence Agency in response to a request for information she submitted.[2] (Documents ##5, 7, 8)

With each document, the tale told by Mendes becomes increasingly more complex. Mendes seems to allege a civil conspiracy. For instance, Mendes seeks "full disclosure of this

---

[2] Mendes requests service records from World War II for Joseph Patrick Kennedy, Jr., her deceased uncle, Payton H. Courtney, and her deceased father, Robert G. Sanchez. Mendes claims that her uncle was murdered and that the case remains unsolved. Mendes requests the service records based on the suspicion that the death of her uncle is somehow tied to the instant case.

technology" from the CIA and Department of Defense and recommends the FBI and law enforcement agencies "contract companies to detect and deter such behavior and to expose its users along with prosecutions." In addition, Mendes claims that certain transit authorities, including the FAA, Amtrak, Greyhound, and the Charlotte Transportation System, have permitted the alleged conduct or otherwise been involved.[3]

Plaintiff's Request for Grand Jury Investigation refers to more of the same conduct alleged in earlier filings, references the Thirteenth Amendment and prohibition against slavery, and seeks issuance of a cease and desist order along with prosecution of all responsible parties, including the Charlotte Mecklenburg Public Library. (Document #9)

In sum, Plaintiff's additional factual allegations are akin to those previously submitted to the Court. Therefore, no legal basis exists for vacating or modifying the Court's previous Order.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motions are **DENIED** and Plaintiff's Motion to Appeal *In Forma Pauperis* **GRANTED**. Accordingly, the deputy clerk is asked to forward a copy of the instant Order to the Fourth Circuit Court of Appeals.

Signed: August 29, 2011

Richard L. Voorhees
United States District Judge

---

[3] This allegation appears to be precipitated by the issuance of a citation to Mendes for riding the LYNX light rail without purchasing a day pass. (Document #8 / Exh. 1)